UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTAIN UNDERWRITERS AT
LLOYDS, SUBSCRIBING TO POLICY
NO. M3411474 and POLICY NO.
M5061026,

      Plaintiff/Counterdefendant,

v.                              CASE NO. 8:11-CV-63-T-17TGW

NOA MARINE, INC., ETC.,

      Defendant and

TU TU MUCH, LLC, and
WILLIAM MAHAFFEY,

      Defendants/Counterplaintiffs,

_____/

ORDER

This cause is before the Court on:

Dkt. 26    Motion for Partial Summary Judgment
Dkt. 30    Response
Dkt. 38    Reply

Plaintiff Certain Underwriters at Lloyds Subscribing to Policy No. M3411474 and Policy No. M5061026 ("Lloyds") seeks entry of partial summary judgment as to the claims of Defendants Tu Tu Much, LLC and William Mahaffey, for attorney's fees.

I. Background

The Complaint in this case includes an action for declaratory relief under 28 U.S.C. Sec. 2201, and within the admiralty and maritime jurisdiction of the United States District Court concerning a policy of Marine General Liability issued by Plaintiff Certain Underwriters at Lloyds ("Lloyds"). Policy No. M3411474 provided ship

Case No. 8:11-CV-63-T-17TGW

repairer's liability coverage to Defendant NOA Marine, Inc. from 3/29/2005 through 3/28/2006. Policy No. M5061026 provided ship repairer's liability coverage to Defendant NOA Marine, Inc. from 3/29/2006 through 3/28/2007. Plaintiff Lloyds seeks a declaratory judgment declaring and adjudging the amount of Defendant Mahaffey's claim against Defendant NOA Marine, Inc. which falls within the scope of the subject policies of insurance.

Defendants Tu Tu Much, LLC and William Mahaffey filed their Answer, Affirmative Defenses and Counterclaim on 3/7/2011 (Dkt. 7).

Defendant Tu Tu Much, LLC was the owner of a motor yacht which underwent certain repairs and refurbishments at Defendant NOA Marine, Inc. in July, 2005 and April, 2007. Defendant Mahaffey contracted with Defendant NOA Marine, Inc. for the repairs and refurbishments. A dispute arose as to the quality of the repairs, which resulted in a claim by Defendant NOA Marine, Inc. against Defendants Mahaffey and the Tu Tu Much, and a counterclaim by Defendant Tu Tu Much, LLC against Defendant NOA Marine, Inc. in an arbitration proceeding, "NOA Marine v. William Mahaffey and M/V Tu Tu Much."

Plaintiff Underwriters issued a Reservation of Rights letter to Defendant NOA Marine, Inc. on May 28, 2008.

An arbitration award was entered awarding Defendant Mahaffey $140,221.18 against Defendant NOA Marine, Inc. (Dkt. 1-4). With interest and costs, the total award to Mahaffey/Tu Tu Much was $165,345.87. After subtracting the total award to Defendant NOA Marine of $30,229.22, the net award to Defendants Mahaffey/Tu Tu Much was $135,116.65.

Defendants William Mahaffey and Tu Tu Much, LLC filed suit in Pinellas County

Case No. 8:11-CV-63-T-17TGW

Circuit Court, Case No. 09-020461-C1, in which an Order for Default Judgment was entered on July 15, 2010, which confirmed arbitration orders dated 7/28/2009 and 10/13/2009, and entered Default Judgment against Defendant NOA Marine, Inc. in the amount of $141,232.21. (Dkt. 1-5). ($135,116.65 plus post-arbitration interest of $6,116.98)

II. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." Id. at 249-50.

Case No. 8:11-CV-63-T-17TGW

III. Statement of Facts

1.   This action was instituted by Plaintiff Lloyds to obtain a declaration as to what part of the claims of Defendants Tu Tu Much, LLC and William Mahaffey, if any, are covered by the subject policies.

2.   The claims of Defendants Tu Tu Much, LLC and William Mahaffey arise out of an outstanding arbitration award and final judgment confirming the award in favor of Defendants Tu Tu Much, LLC and William Mahaffey, and against Defendant NOA Marine, Inc., Plaintiff's insured.

3.   The arbitration award includes amounts awarded to Defendants Tu Tu Much, LLC and William Mahaffey based on repair invoices for repairs already performed, and on estimates for repair work that was not performed by the time of the arbitration proceeding.

4.   Plaintiff Lloyds has stipulated that there is coverage for the amount of the arbitration award related to damage to other property caused by the electrical work done by or on behalf of Defendant NOA Marine, Inc.

5.   The Affirmative Defenses and Counterclaim of Defendants Tu Tu Much, LLC and William Mahaffey include claims for attorney's fees.

6.   There is no contractual agreement for attorney's fees between the parties.

7.   Defendant Tu Tu Much, LLC and William Mahaffey are not asserting a claim for bad faith.

Case No. 8:11-CV-63-T-17TGW

8. Defendants Tu Tu Much LLC and William Mahaffey do not claim attorney's fees by assignment.

9. Plaintiff Lloyds contends that, under the subject policies, Defendants Tu Tu Much, LLC and William Mahaffey are not named insureds, they are not omnibus insureds, and they are not named beneficiaries.

10. Defendants contend that Defendants qualifies as omnibus insureds under the subject Policies.

IV. Discussion

A. Plaintiff's Motion

In the Motion for Partial Summary Judgment, Plaintiff Lloyds seeks entry of partial summary judgment denying the claims of Defendants Tu Tu Much, LLC and William Mahaffey for attorneys fees. Plaintiff Lloyds argues that this matter is an admiralty claim, and the subject policies are maritime insurance contracts. Plaintiff Lloyds argues that there is no statutory authority for attorney's fees under Ch. 627.428, Florida Statutes, since Defendants Tu Tu Much, LLC and William Mahaffey are not named insureds, omnibus insureds, or named beneficiaries under the subject policies. Plaintiff argues that there is no contractual agreement for attorney's fees, there has been no assignment, and there is no bad faith in this matter. Based on the absence of statutory authority, contractual agreement and bad faith, Plaintiff Lloyd's argues that the Court should apply the American Rule in this admiralty claim.

Case No. 8:11-CV-63-T-17TGW

B.      Defendants' Response

Defendants Tu Tu Much, LLC and Mahaffey respond that Defendants qualify as "omnibus insureds" under the subject Policies.   Defendants seek the award of attorney's fees under Ch. 627.428, Florida Statutes. Defendants argue that Defendants have established liability and obtained a judgment against Plaintiff's insured, Defendant NOA Marine, Inc.  Defendants argue that Defendants' rights arise directly from the subject Policies, particularly the Ship Repairer's Legal Liability Endorsement, without any further establishment of liability.  Defendants argue that the Ship Repairer's Legal Liability Endorsement requires Plaintiff to pay sums which NOA, the named insured, becomes legally obligated to pay as compensatory damages.  Defendants argue that any party with a judgment for compensatory damages against Plaintiff's insured, Defendant NOA Marine, Inc., is a member of a class entitled to first-party coverage under the policy, without the need for any further establishment of rights or liability. Defendants argue that the judgment for compensatory damages automatically vests first-party rights in the judgment creditor

Defendants argue that, in the underlying arbitration, Defendants were third-party beneficiaries under the subject policies, and accordingly did not recovery the attorney's fees incurred during the arbitration and confirmation resulting in the judgment. Defendants contend that, once the judgment was entered, Defendants were first-party insured entitled to benefits directly under the provisions of the Endorsement. Defendants seek the award of attorney's fees only for this case, and not for the arbitration proceedings.

Defendants argue that the factual circumstances of this case raise a material issue as to whether Defendants qualify as omnibus insureds under the subject policies. Defendants further contend that Defendants' rights flow directly from the language of the Endorsement, and the Court should find that Defendants are entitled to recover

Case No. 8:11-CV-63-T-17TGW

attorney's fees that Defendants incurred in defending Plaintiff's action for declaratory judgment when coverage under Plaintiff's policy of insurance has already been established.

C. Plaintiff's Reply

In the Reply, Plaintiff Lloyds argues that Defendants' reliance on PIP and med-pay cases is misplaced.  Plaintiff argues that, as to any recovery against Plaintiff's insured for the "accident," the injured third party is considered a third party beneficiary, and is not entitled to recover attorney's fees.  Plaintiff Lloyds argues that, pursuant to Ch. 627.428, Florida Statutes, the only persons entitled to recover attorney's fee against an insurer are first party insureds, omnibus insureds and named beneficiaries. Roberts v. Carter, 350 So.2d 78 (Fla. 1977);  Continental Casualty Co. v. Ryan Inc. Eastern, 974 So.2d 368 (Fla. 2008).   Plaintiff argues that Defendants have no standing to claim attorney's fees.

D. This Case

The Court has denied Defendant's Motion for Summary Judgment.  The Court will adjudicate the issue of whether there is coverage under the Ship Repairer's Legal Liability Endorsement for all items included in the award of compensatory damages in the arbitration award, and confirmed as a Final Judgment in favor of Defendants Tu Tu Much, LLC and William Mahaffey, and against Defendant NOA Marine, Inc.   The subject Policies include coverage under the Ship Repairer's Legal Liability Endorsement for the liability of the Named Insured for specified items (i) through (ix) (Dkt. 1-1, pp. 34-35), and exclude coverage for liability for specified items (i) through (ix) (Dkt. 1-1, pp. 35-36).   The Court therefore does not accept Defendants' argument that the Final Judgment in favor of Defendants transformed Defendants from third party beneficiaries to first party beneficiaries.

Case No. 8:11-CV-63-T-17TGW

In general, the prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course. Natco Ltd. P'ship v. Moran Towing of Fla., Inc., 267 F.3d 1190, 1193 (11th Cir. 2001). There are exceptions to the general rule; attorney's fees are properly awarded in a maritime case where attorney's fees are provided by the statute governing the claim, where the nonprevailing party acted in bad faith in the course of the litigation, or where there is a contract providing for indemnification of attorney's fees. Id. at 1193.

This case is within admiralty jurisdiction, and involves the construction of maritime insurance policies. In resolving the motion for summary judgment, the Court applied Florida law, rather than federal law. When neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided the application of state law does not frustrate national interests in having uniformity in admiralty law. Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co., 207 F.3d 1247, 1251 (11th Cir. 2000).

Plaintiff argues that Defendants are not the named insureds, are not omnibus insureds, and are not named beneficiaries under the applicable policies, and therefore Ch. 627.428, Florida Statutes does not authorize the award of attorneys' fees to Defendants Tu Tu Much, LLC and William Mahaffey. Defendants contend they are "omnibus insureds" under the subject policies.

Under Florida law, an "omnibus insured" is one who is covered by a provision in an insurance policy but is not specifically named or designated. Continental Cas. Co. v. Ryan, Inc. Eastern, 974 So.2d 368 (Fla. 2008). Defendants are seeking coverage for the compensatory damages awarded under the third party liability provisions of the subject insurance policies, not under a first party provision affording benefits without regard to liability.

Case No. 8:11-CV-63-T-17TGW

After consideration, the Court grants Plaintiff's Motion for Partial Summary Judgment as to the claims of Defendants Tu Tu Much, LLC and William Mahaffey for attorney's fees. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 26) is **granted**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 10th day of May, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record